WALKER (JENKINS v.). See Case No. 7,-275.

## Case No. 17,073.
### WALKER v. JOHNSON.
[2 Cranch, C. C. 203.] [1]

Circuit Court, District of Columbia. June Term, 1820.

## Case No. 17,074.
### WALKER v. JOHNSON.
[2 McLean, 92.] [2]

Circuit Court, D. Indiana. May Term, 1840.

EXECUTORS AND ADMINISTRATORS, ACTIONS AGAINST—PLEADING—PLEA AND REPLICATION.

1. Where a statute provides that an executor or administrator, if the estate be insolvent, may institute suit before a probate court, and, by giving notice, compel the creditors to exhibit their claims, to be adjudged and paid pro rata; and that no suit shall, afterwards, be brought against the executor or administrator, unless

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

the plaintiff alledge that such executor or administrator has been guilty of fraud, negligence or waste, such allegation, in a subsequent suit, must be contained in plaintiff's declaration.

2. The declaration must show a legal right.

3. Two affirmative facts in a plea and replication may be so contradictory, the one to the other, as' to make an issue.

4. As, where the plea averred diligence in the prosecution of a suit, and the replication charged negligence.

5. In such case the replication would have been more formal if it had negatived the affirmation of diligence, in the plea, and concluded to the country.

6. The replication, in charging negligence, and concluding with a verification, is wholly irregular, and can not be sustained.

At law.

Fletcher & Butler, for plaintiff.
Mr. Morrison, for defendant.

McLEAN, Circuit Justice. This action was brought to recover the amount of a promissory note, given by Kinnard in his lifetime. The defendant pleaded that, the estate being insolvent, he instituted a proceeding before the probate court of the state, of the proper county, under the statute, and that the plaintiff [John R. Walker], having been notified, became a party to those proceedings, which are still pending; and the defendant avers that he has prosecuted the same with diligence, and, without fraud or waste, discharged his trust. To this plea the plaintiff replied, that the defendant had been guilty of negligence, in prosecuting the suit in the court of probate, and concluded with a verification. To this replication the defendant demurred specially. The 22d section of the act to organize probate courts, &c., provides: "If the personal and real estate shall be insufficient to pay the debts, the administrator may make application to the court of probate, exhibiting certain inventories, and the court is required to give notice to creditors to file their claims, which are to be duly adjudged and paid, so far as a proportionate distribution shall go. And, from the date of filing the complaint, no suit or action shall be brought or sustained against such executor or administrator, unless waste or negligence or fraud, in the discharge of the duties of his trust, as such, be alledged against such executor or administrator; and if any such suit or action be brought after the filing of such complaint, the plaintiff, complainant or claimant, alledging such fraud, negligence or waste, and such plaintiff, complainant or claimant, shall fail, upon the trial thereof, to establish such fraud, negligence or waste, against such executor or administrator, such plaintiff, complainant or claimant, shall pay the costs of such suit or action, although he may recover a verdict, decree or judgment, against such executor or administrator; for which costs, such executor or administrator shall have judgment." The court of probate, under this statute, has

jurisdiction in the mode pointed out, when the parties are properly brought before it; and its decision is final, and must be so held, until reversed.

On general principles, the pendency of a suit before the court of probate, of which it has jurisdiction, is pleadable, in abatement, to a subsequent action for the same cause. And there does not appear to be any thing in the mode of exercising jurisdiction in this case, which should make it an exception to the general rule. The executor, finding the assets would be insufficient to pay the demands against the estate, instituted, before the probate court, the proceedings authorized under such circumstances. Notice was given, and the present plaintiff filed his claim, and became a party to the proceedings. These proceedings are still pending. And this is the substance of the plea, in abatement, to the present action, filed by the defendant, with the averment, that he has diligently, and without fraud or waste, discharged his duties, and prosecuted the suit in the probate court. To this plea the plaintiff replies, that he has been guilty of negligence in the prosecution of the above suit. Regularly, the plaintiff should have negatived the affirmation of diligence, in the defendant's plea, and have concluded to the country; or, if he considered the plea defective, he should have demurred to it. It is said that two affirmatives make an issue, when the second is so contrary to the first, that it can not, in any degree, be true. 1 Chit. Pl. 691; Co. Litt. 126a. It may be said, that negligence is opposed to diligence, and that the affirmatives, in these pleas, come within the rule. If this be admitted, it is still a most awkward and unsatisfactory mode of making up an issue. But, in any view, this replication can not be sustained, as it concludes with a verification, instead of an issue to the country. The demurrer to the replication brings before the court the sufficiency of the pleadings on both sides.

It is argued, that this proceeding is in the nature of an action against the administrator, suggesting a devastavit, and that it must be governed by the same rule. However much in form this may be like an action charging a devastavit, in effect it is, in some respects at least, altogether different. The administrator, by this proceeding, is not, necessarily, made personally responsible for the judgment. If, on the trial, it should be made to appear the defendant had been negligent in the prosecution of the suit in the probate court, that would not make him personally liable as on a devastavit; nor would the judgment probably be so entered against him, if he were convicted of waste or fraud. There is another statute which regulates the proceeding against an executor or administrator, on suggesting a devastavit, and under which a personal liability is established. A procedure under this statute would, undoubtedly, be authorized by the probate act.

The statute provides that, after the institution of the suit in the court of probate, "no suit or action shall be brought or sustained against such executor or administrator, unless waste or negligence or fraud, in the discharge of the duties of his trust, as such, be alledged against such executor or administrator." In the declaration, there is no such allegation; and the plea, which sets up the pendency of the suit in the probate court, and avers that such suit has been diligently prosecuted, &c., under the statute, contains matter which, if true, must abate the plaintiff's action. It shows a state of facts which, by the express provision of the statute, prohibits the plaintiff from sustaining his action.

The allegation of fraud, negligence or waste, is essential to the maintenance of the plaintiff's action; and this must be found in his declaration. His suit is brought during the pendency of the proceeding before the court of probate; and such suit, the statute declares, shall not be sustained, unless the allegation be made. Under this state of facts, the allegation is essential to the plaintiff's right to sue, and, consequently, it must be contained in the declaration. In pleading upon statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exemption; but if there be an exception in a subsequent clause, that is matter of defence. 1 Chit. Pl. 264; 1 Term R. 144; 6 Term R. 559; 1 East, 646; 2 Chit. 582. All the circumstances, necessary to constitute a legal right of action, must appear on the face of the declaration. 1 Chit. Pl. 276; Co. Litt. 17a, 303; Com. Dig. "Pleader," 6, 7. The statute does not originate the cause of action; but it protects the defendant from an action, unless he be charged with fraud, negligence or waste. Now, is this matter of defence to be set up by the defendant, or is it inseparably connected with the plaintiff's right to sue? An executor or administrator can only be made personally responsible, by a suit suggesting a devastavit; and this suggestion must always be made in the declaration. Now, in the present case, the defendant is not liable to be sued, unless negligence, fraud or waste, be charged. Suppose a statute provided that an executor or administrator should not be liable to be sued, until after the expiration of a year from the time his duties commenced, unless he should be charged with fraud, negligence or waste, must not such charge be made in the declaration, if the suit be brought before the expiration of the year? And is not the case supposed analogous to the one under consideration? As before remarked, the court of probate having jurisdiction of the case, no reason is perceived why, on general principles, the pendency of the suit there should not be pleadable in abatement, in a subsequent action for the same cause. But the statute authorizes a subsequent action, provided the plaintiff alledge fraud, negligence or

waste, against the executor or administrator. In this view, the statute may be considered as enlarging the right of the plaintiff to sue, on certain conditions; and it would seem to be reasonable that he should show, in his declaration, the defendant is liable to be sued. The statute provides that if, on the trial, the plaintiff shall fail to prove the allegation of fraud, negligence or waste, he shall, notwithstanding, recover a judgment for the amount due, but not for costs; but, if he prove fraud, negligence or waste, he may have, also, a judgment for the costs.

Upon the whole, we think, under the statute, it would be the most convenient mode for the plaintiff to make the allegation in his declaration, where he brings the suit under the above circumstances, and that such an allegation would be analogous to the rules of correct pleading.

On this suggestion, the plaintiff's counsel asked leave to amend their declaration, and it was granted.

[For subsequent proceedings, see Case No. 17,-075.]